UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN GATE LLC, et al.,<br><br>Defendants. | Case No. 1: 13-cv-01319-AWI-MJS<br><br>ORDER DENYING WITHOUT PREJUDICE JOINT REQUEST TO SEAL OR REDACT SETTLEMENT AGREEMENT<br><br>(ECF No. 40)<br><br>FOURTEEN (14) DAY DEADLINE |

On August 19, 2013, Plaintiff filed this civil action alleging violations of the Fair Labor Standards Act (FLSA") and California state law. (ECF No. 1.) On April 14, 2015, the parties notified the Court that they had reached a settlement. All pending deadlines and hearings were vacated, and the Court set May 29, 2015 as a deadline for receipt of the dismissal documents. (ECF No. 37.)

Before the Court is Plaintiff's and Defendants' GGNSC Administrative Services, LLC and Hospice Preferred Choice, Inc. joint request to seal or redact the settlement agreement. (ECF No. 40.)

**I.    LEGAL STANDARD**

Courts have long "recognize[d] a general right to inspect and copy public records

and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Therefore, there is "a strong presumption in favor of access" to court records unless the records are ones "traditionally kept secret." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

In deciding whether to seal particular documents, the Court must first determine whether the documents are attached to a dispositive or non-dispositive motion. A party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause" to justify sealing. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action"). Conversely, a party seeking to seal a judicial record attached to a dispositive motion must articulate "compelling reasons." *Kamakana,* 447 F.3d at 1178. Under this standard, the Court "weigh[s] relevant factors, base[s] its decision on a compelling reason, and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos*, 605 F.3d at 679 (*quoting Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal quotations omitted)).

The party seeking to seal documents "bears the burden of showing specific prejudice or harm will result if no [protection] is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Compelling reasons "exist when . . . court files might . . . become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana,* 447 F.3d at 1179 (*quoting Nixon*, 435 U.S. at 598) (internal quotations omitted)). For example, "sources of business information that might harm a litigant's competitive standing" often warrant protection under seal. *Nixon*, 435 U.S. at 598. However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,

compel the court to seal its records." *Kamakana,* 447 F.3d at 1179 (*citing Foltz*, 331 F.3d at 1136).

## II.   ANALYSIS

Here, the parties seek to file their settlement agreement under seal or, at a minimum, with the amount of the settlement redacted.

District courts that have considered a motion to seal an agreement settling FLSA claims have applied the presumption of public access and compelling reasons standard. *See Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 646-48 (S.D.N.Y. 2011) (joining "the overwhelming consensus of district courts that have considered the issue to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access"); *Kianpour v. Rest. Zone, Inc.*, 2011 U.S. Dist. LEXIS 97205, at *3-5 (D. Md. Aug. 30, 2011) (majority of recent cases addressing this issue apply the presumption of public access to FLSA settlements); *Taylor v. AFS Technologies, Inc.*, 2010 U.S. Dist. LEXIS 57851, at *2-3 (D. Ariz. May 24, 2010) (applying compelling reasons standard to a motion to approve FLSA settlement and permitting the parties to elect between withdrawing FLSA settlement or making settlement agreement part of public record).

The parties argue that there is "good cause" to submit the agreement under seal because the confidentiality provision, preventing Plaintiff from disclosing the existence and terms of the agreement, is a material term, disclosing the amount of the settlement will place Defendants in an unfair position in future potential FLSA cases against them, and Defendants will be less likely to settle such cases in the future if they are prevented from sealing the settlement agreements.

However, as noted above, the "compelling reasons" standard applies in this case, and the parties have not presented any compelling reason for keeping the settlement agreement from public scrutiny.  The parties have not articulated any specific harm or prejudice.  Their general conclusory assertions regarding confidentiality interests have

3

been rejected by other courts.  *See*, *e.g.*, *Foltz*, 331 F.3d at 1136-38; *Select Portfolio Servicing v. Valentino*, 2013 U.S. Dist. LEXIS 60907, at *8-9 (N.D. Cal. April 29, 2013) (that the parties agreed among themselves to make the settlement agreement confidential was insufficient to shield the information from public access); *Luo v. Zynga Inc.*, 2013 U.S. Dist. LEXIS 155144, at *8-11 (N.D. Cal. Oct. 29, 2013).

### III.    ORDER

Accordingly, it is HEREBY ORDERED that:

1. The parties' joint request to seal or redact the settlement agreement is DENIED, without prejudice; and
2. The parties must either file an unredacted version of the settlement agreement or an amended motion to seal within fourteen days of service of this order.

IT IS SO ORDERED.

Dated:   May 13, 2015                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE